UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| David Keith Buff, # 311020, | ) | C/A No. 5:13-cv-01901-TLW-KDW |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| South Carolina Department of Corrections, Wayne McCabe, Ann Sheppard, Dessirene Lloyd, Carl Von Mutius, Justin Aranda, and Douglas Cook, | ) | |
| Defendants. | ) | |

Plaintiff, a state prisoner proceeding pro se, brought this civil action pursuant to 42 U.S.C. § 1983. This matter is before the court on the South Carolina Department of Correction's ("Defendant SCDC") Motion to Dismiss or, in the alternative, Motion for Summary Judgment filed on February 18, 2014. ECF No. 26. The court entered a *Roseboro* Order[1] on February 19, 2014, advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 29. Plaintiff responded to Defendant SCDC's Motion on May 1, 2014, and Defendant filed a Reply on May 9, 2014, making this Motion ripe for consideration. ECF Nos. 40, 43. After the parties filed briefs on Defendant SCDC's Motion, the Plaintiff sought leave to amend his Response to include an argument on equitable tolling. ECF No. 52. The undersigned granted Plaintiff's Motion, ECF No. 54, and he filed a Supplemental Brief on May 23, 2014. ECF No. 58. Defendant SCDC filed a Response to Plaintiff's Supplemental Brief on June 3, 2014. ECF No. 63. This case was referred to the undersigned United States Magistrate

---

[1] The court entered a "*Roseboro* order" in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring that the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) and (e) (D.S.C). Because Defendant's Motion to Dismiss is dispositive, a Report and Recommendation is entered for the court's review.

I.     Background

Plaintiff is currently incarcerated at Lieber Correctional Institution ("LCI") in the South Carolina Department of Corrections ("SCDC"). ECF No. 1 at 2. Prior to filing the Complaint that is the subject of this case, Plaintiff filed a complaint in the Dorchester County Court of Common Pleas captioned as *David Keith Buff, # 311020 v. South Carolina Department of Corrections*, 2013-CP-18-0169. *Id.* at 1. Plaintiff alleges that he mailed his state court complaint from LCI to the Dorchester County Court of Common Pleas on January 3, 2013, and submitted a certificate of service of the mailing. *Id.*; ECF No. 40-1. However, it does not appear that Plaintiff successfully served the state court summons and complaint on Defendant SCDC. The court of common pleas summarily dismissed Plaintiff's action in a Form 4 order that was entered on May 20, 2013. ECF No. 40-2 at 2. The state case was dismissed for failure to pay the filing fee after the state court denied Plaintiff's request for *in forma pauperis* status and ordered that Defendant SCDC deduct the filing fee from the Plaintiff's Trust Account pursuant to section 24-27-100 of the South Carolina Code and forward the funds to the Clerk of Court for Dorchester County. *Id.* at 4.

Plaintiff brings the current suit under § 1983, alleging constitutional violations, and under the South Carolina Tort Claims Act ("SCTCA"). ECF No. 1 at 1. In this Complaint, filed on July 11, 2013, Plaintiff alleges he was injured in two separate incidents. *Id.* at 3-8. In the first incident, on January 6, 2011, Plaintiff claims that Defendant Officer Cook sprayed a large quantity of chemical munitions, without warning, on him and his cellmate after they refused to

give Cook their meal trays. *Id.* at 5. Plaintiff claims to have experienced blindness, disorientation, blurred vision, nose bleeds, nasal pains, and pain for a period of several months as a result of the chemical spray. *Id.* at 5-6. Plaintiff claims a second incident involving excessive use of force occurred on March 10, 2011. *Id.* at 6. Regarding the March incident, Plaintiff claims that Sgt. Mutius forced him to have a new cellmate who had previously threatened Plaintiff's life. *Id.* Plaintiff claims that when he objected to being left with the new cellmate, he was again sprayed with chemical munitions. *Id.* After the chemical spray, Plaintiff claims he was denied cleaning supplies, a shower, clean laundry, and was forced to remain in a chemically-infested cell. *Id.* The next day, on March 11, 2011, Plaintiff also claims to have been placed in a restraint chair for four hours. *Id.* at 6-7.

Based on the two incidents, Plaintiff brought claims against various defendants, including Defendant SCDC for (1) gross indifference and deliberate indifference, (2) violation of the state constitution, and (3) violation of the U.S. Constitution. Plaintiff seeks declaratory relief, compensatory and punitive damages, attorney's fees and costs.

II.    Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12 tests the sufficiency of the complaint. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In construing a motion to dismiss, the facts, though not the legal conclusions, alleged in a plaintiff's pro se complaint must be taken as true. *Loe v. Armistead*, 582 F.2d 1291, 1292 (4th Cir. 1978); *Iqbal*, 556 U.S. 662, 680. A pro se complaint should survive a motion to dismiss under Rule 12(b)(6) for failure to

state a claim only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level" and beyond the level that is merely conceivable. *Id.* at 555. A pro se complaint should be liberally construed. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, a court is not required "to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or a legal conclusion unsupported by factual allegations. *Iqbal*, 556 U.S. at 679. Dismissal is appropriate when a complaint contains a description of underlying facts that fails to state a viable claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Twombly*, 550 U.S. at 558.

III.   Discussion

A.  Statute of Limitations

Defendant SCDC asserts that Plaintiff's claim against it, brought pursuant to the SCTCA, is barred by the applicable two-year statute of limitations. ECF No. 26. Defendant SCDC maintains that Plaintiff filed his Complaint on July 11, 2013, and his loss occurred between January 6, 2011, and March 11, 2011. *Id.* at 2. Therefore, Defendant SCDC maintains that Plaintiff is statutorily barred from pursuing his SCTCA action because his claims expired on or before March 12, 2013. *Id.* In the Reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, "Defendants [not only Defendant SCDC] assert that all state tort claims against all Defendants should be dismissed due to Plaintiff's failure to commence this action within two years as required under the South Carolina Tort Claims Act." ECF No. 43 at 3.

In his Response to the Motion, Plaintiff states he is withdrawing claims against Defendant SCDC as they apply to 42 U.S.C. § 1983 claims and will pursue only the claims arising under the SCTCA against Defendant SCDC. ECF No. 40 at 1-2. Additionally, Plaintiff

4

states that he originally filed a complaint in state court on January 3, 2013, "which was three (3) days before the deadline of the incident of excessive force." *Id.* Plaintiff alleges that he attempted to have the Dorchester Sheriff's Department serve Defendant copies of the complaint before the case was dismissed, but he was denied the ability to mail these legal documents by the LCI mailroom staff. *Id.* Further, Plaintiff argues that he because he is a "poor person," he was unable to serve Defendant and his state court action ended. *Id.* Therefore, Plaintiff claims that he met the original deadline under the two-year statute of limitations for both incidents and once he realized he was being denied redress in the Court of Common Pleas, he sought redress in the federal court. *Id.*

SCTCA provides a two-year statute of limitations for personal-injury torts alleged against employees of state agencies or governmental entities. S.C. Code Ann § 15-78-110; *see also Flateau v. Harrelson*, 355 S.C. 197, 207, 584 S.E.2d 413, 418 (Ct. App. 2003) (holding section 15-78-110 provides a two-year statute of limitations for parties who have not first filed a "verified complaint"); *Wilder v. Byars*, No. 3:12-1743-CMC-JRM, 2013 WL 3155619 *3 (D.S.C. June 20, 2013) (citing S.C. Code Ann. § 15-78-110). Pursuant to section 15-78-20(b) of the South Carolina Code, "[t]he remedy provided by this chapter is the exclusive civil remedy available for any tort committed by a governmental entity, its employees, or its agents. . . ."

In his Supplemental Brief, Plaintiff seems to acknowledge that his present action was untimely. However, Plaintiff argues that the statute of limitations should be tolled while he was pursuing his administrative remedies within the SCDC prison system by filing and appealing grievances. ECF No. 58 at 1. Plaintiff argues that exhaustion is a prerequisite to a civil action, and he did not have a "complete and present cause of action" in order to "file suit and obtain relief" until he exhausted his administrative remedies. *Id.* In support of his argument, Plaintiff

references *Peoples v. Rogers*, No. 8:10-cv-24-CMC-BHH, 2010 WL 424201 (D.S.C. Feb. 1, 2010), in which the court tolled the § 1983 statute of limitations while plaintiff exhausted his prison administrative remedies. Specifically, the court held that "before Plaintiff could proceed with his § 1983 claim in this court, he had to properly exhaust his available administrative remedies." *Id.* at *2. Furthermore, the court noted that a plaintiff's failure to exhaust all levels of administrative review would bar actions filed by inmates under any federal law, including § 1983. *Id.* In its reasoning, the court noted that other circuits have concluded that federal courts should toll state statutes of limitations while inmates exhaust their administrative remedies under § 1997e. *Id.*

Unlike § 1983 actions, administrative exhaustion is not a prerequisite to SCTCA claims. *See* S.C. Code Ann § 15-78-80(f).[2] Therefore, the two-year SCTCA statute of limitations is not tolled while plaintiffs pursue administrative remedies. The court previously addressed this issue in the case of *Wilson v. Hampton County.,* No. 9:05-cv-1777-PMD, 2005 WL 2877725 at *3 (D.S.C. Oct. 31, 2005). There, Wilson filed a complaint in the United States District Court and asserted a cause of action against Hampton County under SCTCA and alleged a § 1983 violation against the other named defendants. *Id.* at *1. Defendants filed a motion to dismiss Wilson's state claims and §1983 claims for her failure to exhaust administrative remedies. *Id.* at 3. The court found Wilson was not required to exhaust her prison administrative remedies prior to filing

---

[2] Under the Prison Litigation Reform Act ("PLRA"), "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a). However, pursuant to section 15-78-80(f) of the South Carolina Code ("[t]he handling and disposition of claims filed under this chapter *are not subject* to the provisions of Article 3, Chapter 23, Title 1.") (emphasis added). Subsection (f) of the SCTCA is referencing the South Carolina Administrative Procedures Act ("SCAPA") codified in section 1-23-310 through section 1-23-400 of the South Carolina Code. Specifically, section 1-23-380 of the SCAPA provides: "A party who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review pursuant to this article and Article 1."

suit under SCTCA and denied the defendants' motion to dismiss Wilson's state claims. *Id.* at *4. Similarly, in the case at bar, the undersigned finds that Plaintiff did not have to exhaust his prison administrative remedies prior to filing a cause of action pursuant to SCTCA. Therefore, SCTCA's statute of limitations was not tolled while he exhausted his administrative remedies. Plaintiff alleges that he suffered injuries when officers and employees at LCI used excessive force on him between January 6, 2011, and March 11, 2011. ECF No. 1. Because Plaintiff filed this lawsuit more than two years later, on July 13, 2013, Plaintiff's case is untimely under the SCTCA two-year statute of limitations.

As a final point, Defendant SCDC argues that equitable tolling should not apply in this circumstance because there is no allegation or evidence that Defendant SCDC wrongfully deceived or misled Plaintiff in order to conceal the existence of any cause of action. ECF No. 43 at 1-2. Defendant SCDC relies on the case of *English v. Pabst Brewing Co.*, 828 F.2d 1047 (4th Cir. 1987), to support this argument. There, the Fourth Circuit Court of Appeals held that "[e]quitable tolling applies where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." *Id.* at 1049. The undersigned notes that Plaintiff has not alleged that Defendant SCDC wrongfully deceived him. Rather, he argues that the applicable two-year statute of limitations should have been tolled while he exhausted his administrative remedies. Therefore, the undersigned does not recommend finding that equitable tolling applies based on a wrongful deception theory. Accordingly, the undersigned recommends that Defendant SCDC's Motion to Dismiss be granted because Plaintiff failed to commence his action within SCTCA's two-year statute of limitations.[3]

B. Eleventh Amendment Immunity

---

[3] To the extent Plaintiff brought claims against the other Defendants under SCTCA, those claims are also barred by the applicable statute of limitations.

Defendant SCDC also argues that it is entitled to Eleventh Amendment immunity on both Plaintiff's § 1983 and SCTCA claims because Plaintiff brought suit against SCDC in its official capacity only and because §1983 is a mechanism for seeking redress for deprivation of a litigant's federal constitutional right by persons acting under color of state law. ECF No. 26 at 2. Defendant SCDC maintains that the Eleventh Amendment bars suits against a state by citizens of another state or a foreign country and bars suits against a state by citizens of that state. *Id.* Further, Defendant SCDC argues that this immunity from suit conferred on states by the Eleventh Amendment extends to suits against state agencies, such as the SCDC and its employees. *Id.* In his Response in Opposition to the Motion, Plaintiff "withdraws claims against SCDC as they apply to the Title 42 U.S.C. § 1983 claims against Defendant and pursues only the claims arising under the South Carolina Tort Claims Act." ECF No. 40 at 1-2. Defendant SCDC acknowledges Plaintiff's withdrawal in the Reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss. ECF No. 43 at 2-3. Based on Plaintiff's withdrawal of his §1983 claim against SCDC, it is unnecessary for the undersigned to address the merits of the Eleventh Amendment argument as it relates to that claim.

Should the District Court find that Plaintiff's action is timely and not barred by the applicable statute of limitations, the undersigned recommends that it grant Defendant SCDC's Motion to Dismiss because Defendant SCDC is entitled to Eleventh Amendment immunity on Plaintiff's cause of action under SCTCA. The Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state, a state agency, or a state instrumentality in favor of a citizen of that state. *See Edelman v. Jordan,* 415 U.S. 651, 662-63 (1974). Here, South Carolina has not consented to suit in federal court. *See* S.C. Code Ann. §15-78-20(e) ("Nothing in this chapter is construed as a waiver of the state's or political subdivision's immunity from

suit in federal court under the Eleventh Amendment to the Constitution of the United States nor as consent to be sued in any state court beyond the boundaries of the State of South Carolina.); *see also Stewart v. Beaufort Cnty.*, 481 F. Supp. 2d 483, 493 (D.S.C. 2007) (citing S.C. Code Ann. § 15-78-20(e)) ("The SCTCA, which is the 'exclusive remedy for any tort committed by an employee of a governmental entity,' specifically reserved South Carolina's Eleventh Amendment immunity from suit in federal court."). Therefore, to the extent that the court wishes to address the immunity argument, the undersigned recommends granting Defendant SCDC's Motion to Dismiss because Defendant SCDC is entitled to Eleventh Amendment Immunity.

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendant's Motion to Dismiss or, in the alternative, Motion for Summary Judgment, ECF No. 26, be *granted* and that Plaintiff's cause of action against Defendant SCDC be dismissed with prejudice.

IT IS SO RECOMMENDED.

June 12, 2014                                           Kaymani D. West
Florence, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

9